UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 17-10129-LTS |
| WALTER JOHNSON. | ) ) ) | |

ORDER ON MOTION FOR A REDUCTION OF SENTENCE (DOC. NO. 167)

July 20, 2020

SOROKIN, J.

Walter Johnson, who is presently serving a sentence for possession of child pornography, seeks an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the combination of his age, documented health conditions, and the present COVID-19 pandemic as extraordinary and compelling reasons justifying his release.  Doc. No. 167.  The government opposes his request.  Doc. No. 170.  For the reasons that follow, Johnson's motion is DENIED.

On June 10, 2019, Johnson pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Doc. No. 140; see Doc. No. 16 at 2 (reflecting this charge was the second count in the two-count Indictment returned against Johnson).  Pursuant to Johnson's binding plea agreement, on September 10, 2019: 1) the Court accepted the parties' joint recommendation and imposed a thirty-six-month sentence (the lower end of the range of sentences to which the parties agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C)); and 2) the government dismissed the first count in the Indictment, which had charged distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).  Doc. Nos. 142, 163, 164.  Johnson reported to the Bureau of Prisons ("BOP") and began serving his sentence at the Federal

Correctional Institution in Danbury, Connecticut ("FCI Danbury"), on October 22, 2019.  Doc. No. 163; Doc. No. 167 at 2.  Johnson has served only nine months—a quarter of his sentence.

On March 31, 2020, Johnson reported feeling ill and was placed in medical isolation by BOP, where he tested positive for COVID-19.  Doc. No. 172 at 1; see Doc. No. 167 at 2-4 (stating the positive test was confirmed days later).  Information submitted to this Court by the parties establishes that Johnson suffered from symptoms of COVID-19 but did not require hospitalization.  On April 6, 2020, he petitioned the warden at FCI Danbury, asking her to file a motion for a sentence reduction on his behalf.  Doc. No. 167-5.

Johnson remained in isolation until April 22, 2020, when he was moved to a housing unit for inmates who were recovering from COVID-19.  Doc. No. 167 at 4; Doc. No. 172 at 1.  The next day, the warden at FCI Danbury denied his compassionate release petition.  Doc. No. 167-2.  Johnson tested negative for COVID-19 on May 27, 2020.  Doc. No. 172 at 1.  On June 4, 2020, he was returned to FCI Danbury's general population, where he remains.  Id. at 6.  Thus, according to the parties' submissions, including supplemental information provided by the government in response to this Court's order, Doc. No. 171, Johnson has recovered from COVID-19 and, though he lost weight during his bout with the virus, he no longer exhibits any symptoms of the illness.

Johnson is seventy-two years old with a documented history of kidney cancer, hypertension, and hyperlipidemia.  Doc. No. 167 at 7.  His age and his hypertension put him at an elevated risk of suffering serious illness or death from COVID-19, according to the Centers for Disease Control and Prevention ("CDC").  CDC, "People Who Are at Increased Risk for Severe Illness," http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited July 17, 2020).

On June 8, 2020, Johnson filed the instant motion, in which he asks the Court to reduce his sentence "to time served," with "the unserved portion of his sentence [to] be converted to an additional term of supervised release." Doc. No. 167 at 1. His request arises under a provision in 18 U.S.C. § 3582(c) that allows for modification of imposed terms of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The government opposed Johnson's motion on June 15, 2020, arguing that Johnson has not identified the sort of extraordinary and compelling reason that would warrant a reduction in his sentence.[1] Doc. No. 170. On June 26, 2020, the Court ordered the government to provide updated medical records and information on COVID-19 testing of Johnson and at FCI Danbury. Doc. No. 171. The government produced the required information on July 10, 2020. Doc. No. 171. Johnson's motion is now ripe, and the Court resolves it on the papers.[2]

The question Johnson's motion presents is whether, having "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a)," Johnson has identified "extraordinary and compelling reasons" warranting a reduction in his sentence. § 3582(c)(1)(A)(i). The Court's assessment in this regard is guided by the Policy Statement of the Sentencing Commission in § 1B1.13 of the United States Sentencing Guidelines. § 3582(c)(1)(A)(ii). That statement permits a reduction in sentence if "the court determines that" three conditions are met: 1) "extraordinary and compelling reasons warrant the reduction"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and 3) "the reduction is

---

[1] The government concedes that this Court has jurisdiction to consider Johnson's request, as more than thirty days have elapsed since he petitioned the warden at FCI Danbury to seek release on his behalf. See Doc. No. 170 at 3-4 (citing 18 U.S.C. § 3582(c)(1)(A) and so conceding even though Johnson did not exhaust administrative review of the warden's denial of his petition). The Court agrees with the government's reading of § 3582(c)(1)(A).

[2] The issues are amply briefed by the parties. Neither party has requested oral argument or sought an evidentiary hearing.

consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2), (3). The Application Notes to § 1B1.13 explain that a defendant's medical condition will amount to an extraordinary and compelling reason under § 1B1.13(1) if he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

Plainly, the record establishes that, as a general matter, Johnson's age and hypertension might place him at greater risk than younger, healthier persons would face were they to contract COVID-19. However, Johnson already has contracted COVID-19 and, despite his age and medical conditions, he has fully—and fortunately—recovered from it without requiring hospitalization or other forms of medical treatment beyond those provided at FCI Danbury. Nothing before the Court suggests the virus poses a continuing elevated risk to persons such as Johnson, in whom the virus has come and gone without causing serious illness or death.

Moreover, even if the Court were to find that Johnson's having suffered from COVID-19 in the past, his age, his hypertension, or the combination of those factors established an extraordinary and compelling reason permitting a reduction in his sentence, the Court would then proceed to weigh the § 3553(a) factors and consider whether Johnson is a danger to the safety of any other person or to the community. Nothing that the parties have presented to the Court now would cause it to alter the manner in which it weighed the § 3553(a) factors at the time of Johnson's sentencing less than a year ago. Moreover, as to the important public-safety factor, the Court notes that Johnson's crime impacted numerous real victims.

Under the totality of circumstances on the record before the Court, having carefully considered the factors identified in 18 U.S.C. § 3553, the safety of the public, and the other conditions listed in § 1B1.13 of the Sentencing Guidelines, the Court finds that a reduction in

Johnson's sentence is neither warranted nor consistent with the Sentencing Commission's Policy Statement.  Accordingly, Johnson's motion for a reduction of sentence (Doc. No. 167) is DENIED.

                                                   SO ORDERED.

                                         /s/ Leo T. Sorokin
                                        United States District Judge